CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 07 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA, )
) Case No. 7:15CR00045
v. )
) **MEMORANDUM OPINION**
HAMEEN SHAHID IRVIN, )
) By: Hon. Glen E. Conrad
Defendant. ) Chief United States District Judge

The defendant, Hameen Irvin, was charged in a multi-count superseding indictment with conspiracy to possess with intent to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The defendant pled guilty to Count One of the superseding indictment. The court sentenced Irvin to 90 months imprisonment and entered judgment on February 15, 2017. This case is presently before the court on defendant's after-sentencing motion to withdraw his plea of guilty.

## Background

Irvin was arrested on June 22, 2015. See Docket No. 40. While in the custody of the Bureau of Prisons, Irvin became a prolific writer. Irvin also struggled to work with counsel. Irvin's second court-appointed attorney[1] filed a motion for a psychiatric examination, which the government joined and the court granted on February 11, 2016. As a result of the psychiatric evaluation, it was determined that Irvin was competent to continue in the proceedings against him. Hearing Tr. Oct. 5, 2016 at 4:3-10.

In the many letters Irvin sent to the court and opposing counsel, Irvin continued to assert that his case had "a technicality" in it, and he sought to suppress evidence obtained through what

---

[1] At Irvin's request, the court relieved Irvin's first court-appointed attorney on October 13, 2013. See Docket No. 69.

Irvin believed to be an illegal search and seizure. The court held a motions hearing on October 5, 2016 to address Irvin's allegations.

At the motions hearing, Irvin informed the court that he wished to proceed with his motions without the assistance of his third court-appointed counsel.[2] The court noted Irvin's continued frustration with counsel despite the court's belief in the competence of counsel's representation. Nevertheless, the court pressed Irvin as to whether he was willing to proceed pro se with the assistance of stand-by counsel to help with procedural matters. At that point in time, the defendant proclaimed, "I ain't going to waste no more time. I'm going to take that plea. I withdraw the motion." Hearing Tr. Oct. 5, 2016 at 10:4-6. Irvin also requested assistance of counsel for purposes of plea negotiations. Id. 11:3-5. The court recessed so that the parties could continue their negotiations, and the parties, with assistance of Irvin's counsel, came to an agreement pursuant to Rule 11(c)(1)(C).

Upon returning, the court proceeded with a Rule 11 hearing. The court first asked if Irvin wanted to proceed with counsel, which Irvin indicated that he did. Id. 11:17-20. During the proceeding, the court confirmed that Irvin's counsel had discussed with him the nature of the charges and what the government needed to prove its case. With further questioning, the court determined that the defendant was not suffering any impairment that would prevent him from making a knowing and voluntary plea of guilty, that Irvin intended to plead guilty, that no one coerced him in making this plea, and that he understood the charges against him and the consequences of pleading guilty, including the constitutional rights he was waiving upon entering this plea. At the end of the Rule 11 colloquy, the court asked Irvin how he pled to the criminal conduct charged. The defendant answered, "I plead guilty." Hearing Tr. October 5,

---

[2] On July 22, 2016, the court granted Irvin's motion to substitute attorney and appointed a third attorney to assist him. See Docket No. 162.

2

2016 at 56:25. The court accepted Irvin's plea. Id. at 57:8. Despite entering this plea, on October 6, 2016 in a letter written to the court, Irvin asked to withdraw his plea of guilty. Docket No. 180.

Between October 6, 2016 and December 9, 2016, Irvin wrote the court no less than five additional times noting that he would not accept the plea agreement and asking for leave to withdraw his plea of guilty. On December 9, 2016, the court entered an order granting Irvin leave to file a motion to withdraw his plea of guilty. See Docket No. 202. The court scheduled a hearing for February 13, 2017, at which time the court would either impose a sentence or proceed with trial, depending on whether Irvin would withdraw his guilty plea. Between December 9, 2016 and February 13, 2017, the court received at least seven letters from Irvin indicating that he would accept the plea agreement and that he did not wish to go to trial. Irvin lodged no objections to the presentence investigation report, which the United States Probation Office completed on December 30, 2016. See Docket No. 220.

On February 13, 2017, Irvin appeared before the court and confirmed his desire not to withdraw his plea of guilty and to be sentenced. Initially, Irvin objected to a sentencing enhancement listed in his presentence report, but withdrew the objection. See Docket No. 217. Thereafter, the court adopted the presentence report, accepted the plea agreement, and sentenced Irvin to a 90 month term of imprisonment, the agreed upon term under the Rule 11(c)(1)(C) plea agreement. Judgment was entered on February 15, 2017. See Docket No. 218. On February 23, 2017, Irvin wrote the court again requesting to withdraw his plea of guilty. Docket No. 233.[3]

---

[3] Defendant wrote yet another letter to the court on March 3, 2017, suggesting that he may be reconsidering his motion to withdraw his plea of guilty and that he would accept his plea agreement. However, he did not clearly indicate whether he wished the court to consider the merits of the motion to withdraw. Therefore, the court will rule on defendant's request to withdraw his plea of guilty.

3

## Discussion

A defendant may withdraw a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). After the court imposes sentence, however, "the defendant may not withdraw a plea of guilty . . . , and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e); United States v. Miles, 181 F. App'x 352, 354 (4th Cir. 2006). Even assuming Irvin has the right to seek withdrawal, the court does not believe that there exists any extraordinary circumstance that would support granting defendant's motion. See United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003) (listing "factors for a district court to consider in deciding a plea withdrawal motion"). Here, "the record of the proceedings leading to the guilty plea shows compliance with Fed. R. Crim. P. 11 [and] establishes conclusively that the plea was voluntarily, knowingly, and intelligently made." United States v. Sibert, 378 F. Supp. 823 (E.D. Pa. 1974); see also Bowman, 348 F.3d at 414 ("[A] properly conducted Rule 11 guilty plea leaves a defendant with a very limited basis upon which to have his plea withdrawn."). As established at the Rule 11 hearing, Irvin clearly understood the nature of the charge and the consequences of his plea. There existed a factual basis to support a plea of guilty, and Irvin entered the plea voluntarily, intelligently, and with the assistance of counsel. Therefore, Irvin's case does not warrant granting leave to withdraw.

To the extent defendant requests a hearing on this matter, the court does not believe that a hearing is required. "A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992). To give rise to a right to a hearing, the defendant "must present some significant questions concerning the voluntariness or general validity of the plea . . . ." Id. (citing United

4

States v. Fountain, 777 F.2d 351, 358 n.3 (7th Cir. 1985)); see also Baker v. United States, 404 F.2d 787, 790 (10th Cir. 1968) (stating that a hearing is not required if the record shows that the defendant was informed of the consequences of his plea). Moreover, a hearing would be futile as the court does not believe the circumstances support granting leave to withdraw and, pursuant to Rule 11(e), Irvin's plea may be set aside only on direct appeal or collateral attack. Accordingly, the court will deny Irvin's motion to withdraw his plea of guilty without a hearing.

## Conclusion

For the foregoing reasons, defendant's motion to withdraw his plea of guilty will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 7th day of March, 2017.

                                                                                            */s/ Conrad*
                                                                    Chief United States District Judge