CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:15CR00045 |
| ) | Civil Action No. 7:17CV81295 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| HAMEEN SHAHID IRVIN, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Hameen Shahid Irvin, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Among other claims, Irvin asserts that his attorney rendered ineffective assistance by refusing to file an appeal after Irvin expressly asked him to do so. The case is presently before the court on the government's motion to dismiss. For the reasons that follow, the motion will be taken under advisement, and the matter will be referred to a magistrate judge for an evidentiary hearing on Irvin's claim that his attorney was ineffective in refusing to file an appeal.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "An evidentiary hearing is required when the movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary to resolve the issue." United States v. Simmons, 763 F. App'x 303, 304 (4th Cir. 2019) (citing United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000)).

In this case, Irvin has submitted a sworn declaration indicating that he expressly asked his attorney to file an appeal after sentencing, and that his attorney refused to do so. See Dkt. No. 313

at 12. Irvin's assertions in this regard, if believed, state a colorable claim of ineffective assistance in violation of the Sixth Amendment. It is well established that the failure to note an appeal upon timely request constitutes ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); see also United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). This is true regardless of the likelihood of success on the merits, Peak, 992 F.2d at 42, and even if the defendant waived his right to appeal, United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

Because the resolution of this claim turns on the credibility of Irvin's account of his interactions with his attorney, an evidentiary hearing is required. Accordingly, the case will be referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel was ineffective in refusing to file an appeal. Following the evidentiary hearing, the magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of this claim, pursuant to 28 U.S.C. § 636(b)(1)(B).*

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Sargent.

DATED: This 27th day of August, 2019.

/s/ Jon Conrad
Senior United States District Judge

---

* Because the defendant will receive another opportunity to file a direct appeal if the court ultimately rules in his favor on this claim of ineffective assistance, the court will reserve ruling on the defendant's other claims. See United States v. Killian, 22 F. App'x 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the defendant's remaining claims, but instead dismiss those claims without prejudice).