IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 7:15CR00045 |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| HAMEEN SHAHID IRVIN ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant.   ) | |

On May 28, 2015, a grand jury in the Western District of Virginia returned an indictment against Irvin and others that charged Irvin with conspiracy to possess with the intent to distribute heroin (Count One) and possession with intent to distribute heroin (Count Five). A superseding indictment was returned on November 12, 2015. ECF No. 78. On October 5, 2016, Irvin pled guilty to Count One of the superseding indictment pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). ECF No. 176.

A probation officer prepared a presentence investigation report ("PSR") in advance of sentencing, which the court adopted without change. ECF Nos. 219 & 220. On February 15, 2017, the court adopted the plea agreement and sentenced Irvin to 90 months' imprisonment with 4 years of supervised release thereafter. ECF No. 218. Irvin's projected release date is January 1, 2022.

Irvin alleges that he submitted an administrative request for release to home confinement in May 2020, but received no response. ECF No. 470. The defendant initially filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018. The Federal Public Defender was appointed in the case, pursuant to Standing Order 2019-1. The defendant, by counsel, has now filed an amended motion. The government has responded and moved to seal certain confidential records. The matter is ripe for review.

A district court "may not modify a term of imprisonment once it has been imposed," except in narrow circumstances. 18 U.S.C. § 3582(c). As relevant here, the compassionate release statute provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the government argues that Irvin has not shown that compelling and extraordinary reasons warrant his release and that the § 3553(a) factors counsel against Irvin's release. The court agrees that the § 3553(a) factors do not support reducing Irvin's sentence, even if he has shown extraordinary and compelling reasons for doing so.[1]

The court must "consider[] the factors set forth in section 3553(a)" in determining whether compassionate release is warranted. 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020) (affirming order denying compassionate release after considering the § 3553(a) factors). The factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for just punishment, adequate deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a).

---

[1] Irvin's medical records indicate that he suffers from Hepatitis B and C and Peyronie's Disease, which is associated with diabetes and hypertension. Irvin contends that his records suggest that he also faces liver disease, diabetes, and cardiac issues. ECF No. 470.

Here, Irvin's offense was serious, his criminal history is lengthy and indicates a risk to the public, and the record fails to convince the court that Irvin has been rehabilitated during his 60 months in custody. The PSR recounted that Irvin led a heroin distribution conspiracy that had successfully gathered hundreds of grams of the drug. PSR ¶¶ 24, 30, 33, 45, & 46. He also "typically" carried a firearm during drug deals, and was witnessed threatening his co-defendants with one. Id. ¶¶ 26 & 40–43. At the time of sentencing, Irvin had a criminal history category of VI. Among other crimes, Irvin has been convicted of two misdemeanor assault and battery charges and two other misdemeanors for eluding police and escaping custody, as well as state probation and parole violations. Id. ¶¶ 66–88. Indeed, he was on state probation for a felony at the time he committed the offense in this case. Id. ¶ 90. On October 2017, Irvin was sanctioned for threatening bodily harm and making a "sexual proposal/threat." Opp. Ex. B. On June 23, 2020, he was sanctioned again for threatening bodily harm, and refused to attend the hearing on that offense. He has also been repeatedly sanctioned for refusing to obey orders. Id.

After careful consideration of the record, the court believes that the § 3553(a) factors weigh against granting Irvin's motion. As a result, the court concludes that Irvin has not shown that he is entitled to relief. Accordingly, it is hereby

**ORDERED**

that the government's motion to seal, ECF No. 475, is **GRANTED**, and the defendant's motion for compassionate release, ECF Nos. 467 & 470, is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send a copy of this order to the defendant, the Federal Public Defender, and counsel of record for the United States.

DATED: This 26th day of August, 2020.

Senior United States District Judge